**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DANIEL P. GREMILLION, SR.,**

                **Plaintiff**

        v.                              **5:05-CV-756**
                                               **(FJS/GHL)**

**SEARS,**

                **Defendant.**
_____

**APPEARANCES**                           **OF COUNSEL**

**DANIEL P. GREMILLION, SR.**
Syracuse, New York 13205
Plaintiff *pro se*

**HISCOCK & BARCLAY LLP**          **LAURENCE B. OPPENHEIMER, ESQ.**
1100 M&T Center
3 Fountain Plaza
Buffalo, New York 14203-1485
Attorneys for Defendant

**SCULLIN, Senior Judge**

## ORDER

Currently before the Court is Defendant's motion to dismiss Plaintiff's complaint due to untimely service of process.

On October 27, 2003, Plaintiff fractured his right ring-finger while working with a tire-balancing machine at Sears Automotive. He asserts that he returned to work on two occasions and that Defendant gave him work that he could not perform as a result of his injury. Therefore, he contends that Defendant violated the Americans with Disabilities Act by failing to accommodate his claimed disability.

After investigation, the Equal Employment Opportunity Commission dismissed Plaintiff's charge and provided notice of his right to file suit on April 14, 2005. Plaintiff filed his complaint in this action on June 16, 2005. Thereafter, the Court granted Plaintiff *in forma pauperis* ("IFP") status and directed the Clerk to deliver a summons and copy of the complaint to the United States Marshals Service for service of process on June 27, 2005. The Clerk accomplished this task on June 30, 2005. However, the Marshals Service did not mail a copy of the summons and complaint, along with an acknowledgment of receipt, to Defendant until October 25, 2005. Rather than returning the acknowledgment to the Marshals Service, Defendant sent it to Plaintiff on November 23, 2005. Since the Marshals Service received no response from Defendant, it sent Plaintiff a notice stating that it attempted to effect service by mail but had not received an acknowledgment from Defendant. This notice advised Plaintiff that he needed to take further action if he required further assistance from the Marshals Service. Eventually, the acknowledgment from the Marshals Service's original service of process was filed with the Court on December 9, 2005.[1]

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be completed within 120 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). Upon motion, the court can either dismiss the action for failure to comply with this limitation or direct service to be effected within a specified time. *See id.* However, if the plaintiff shows good cause for failing to timely effect service, the court "shall extend the time for service for an appropriate period." *Id.*

---

[1] It is unclear who filed the acknowledgment. It appears that Defendant's counsel faxed a copy to the Marshals Service in December.

When a court grants a plaintiff IFP status, it must appoint the United States Marshals Service to effect service of the summons and complaint. *See* Fed. R. Civ. P. 4(c)(2). Moreover, a *pro se* IFP litigant is entitled to rely on the Marshals Service to effect service. *See Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) (involving an incarcerated *pro se* IFP litigant) (citation omitted). However, to avoid being penalized for untimely service, an IFP plaintiff cannot merely remain silent and do nothing to effect service. *See White v. SKF Aerospace, Inc.*, 758 F. Supp. 498, 501 (E.D. Pa. 1991). "'At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.'" *Id.* (quotation and other citation omitted). For instance, the plaintiff must provide the Marshals Service with the defendant's name and address. *See id.*; *United States v. Jack Cozza, Inc.*, 106 F.R.D. 264, 268 (S.D.N.Y. 1985) (involving a delay in service due to a backlog in the Marshals' office). When a plaintiff meets these minimum standards, and the defendant has actual notice of the lawsuit, as evidenced by return of an acknowledgment, the court should allow the plaintiff to rely on the untimely service in "the interests of justice, informed by a liberal interpretation of Rule 4 . . . ." *Romandette*, 807 F.2d at 311.

In this case, although Plaintiff filed his complaint on June 16, 2005, the Marshals Service did not mail the summons and complaint to Defendant until October 25, 2005 – 131 days later. However, as a *pro se* IFP litigant, Plaintiff is entitled to rely on the Marshals Service to effect service. In addition, Plaintiff provided the Marshals Service with Defendant's name and address for service of process, and Defendant's return of the acknowledgment is evidence of its actual notice of this litigation. Moreover, there is no evidence that Plaintiff failed to remedy any defects

in service of which he was aware. Therefore, in the interests of justice and mindful of the need to interpret Rule 4 liberally, the Court deems service of process complete due to Defendant's actual notice of this litigation from the Marshals Service's untimely service.

Accordingly, having reviewed the entire file in this case along with Defendant's arguments in support of its motion, the Court hereby

**ORDERS** that Defendant's motion to dismiss Plaintiff's complaint due to untimely service of process is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 6, 2007
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge